I concur fully in the well-reasoned main opinion. I write specially to question the clarity of our precedent establishing the standards by which we review questions regarding the existence of a privilege as whether the trial court exceeded its discretion when it ruled on the privilege issue.
The main opinion cites Exxon Corp. v. Department ofConservation Natural Resources, 859 So.2d 1096, 1103
(Ala. 2002), in which this Court held that the standard for reviewing a trial court's ruling on a privilege issue is whether the trial court exceeded the scope of its discretion. InExxon, we reviewed the trial court's ruling admitting a letter written by a corporate attorney and reversed the trial court's order finding a waiver of the attorney-client privilege based upon its conclusion that the letter had been distributed in a manner *Page 327 
inconsistent with confidentiality. Our analysis was fact intensive, as it should be, based upon Rule 104(a), Ala. R. Evid., which provides as follows:
 "(a) Questions of Admissibility Generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of section (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges."
(Emphasis added.)
The main opinion's analysis is likewise fact intensive. Under the circumstances, if we were writing upon a clean slate I would prefer to apply as a standard of review whether the trial court's findings were clearly erroneous. Such an approach comports with treatment of the companion Rule 104(a), Fed.R.Evid. See, e.g., Bourjaily v. United States,483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). But, under our practice, when the trial court makes factual findings without benefit of live testimony, as was the case here, our review is de novo, not the more circumscribed scope of review where we affirm a judgment based on factual findings unless those findings are clearly erroneous. See BentleySys., Inc. v. Intergraph Corp., 922 So.2d 61, 70-71
(Ala. 2005) ("In a case in which a trial court has not heard live testimony, this Court has held that `a reviewing court will not apply the presumption of correctness to a trial court's findings of fact and that the reviewing court will review the evidencede novo.' Eubanks v. Hale, 752 So.2d 1113, 1122
(Ala. 1999). Our statutory [§ 12-2-7(1), Ala. Code 1975] obligation in a case such as this is to `weigh the evidence and give judgment as [we] deem just.'"). Perhaps we could merge the concepts by concluding that the trial court has not exceeded its discretion when its findings of fact are not clearly erroneous or when they survive de novo review. See, with respect to review for clearly erroneous factual finding, State v.Scholz, 432 A.2d 763, 766 (Me. 1981), in which the court, applying the comparable Rule 104(a), Me. R. Evid., concluded: "We will not interfere with the court's exercise of its discretion unless we conclude, as in the case at bar, that those factual findings were clearly erroneous."
Regardless of whether the trial court's finding of absence of privilege in this proceeding is reviewed for an excess of discretion, reviewed by this Court de novo, or reviewed to determine whether the trial court's finding was clearly erroneous, the trial court's judgment is due to be affirmed for the reasons ably elaborated upon in the main opinion.